IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN DUDLEY LEFTRIDGE,

    Petitioner,    Civil No. 03-1410-CO

    v.    FINDINGS AND RECOMMENDATION

BRIAN BELLEQUE,

    Respondent.

COONEY, Magistrate Judge.

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions and sentence in Multnomah County Circuit Court Case no. 9207-33928. (Respondent's Exhibit 101). The petition contains seven grounds for relief. For the reasons set forth below, petitioner's petition should be denied and this proceeding should be dismissed.

## **BACKGROUND**

Petitioner was convicted of Attempted Robbery in the First Degree and Attempted Assault in the Second Degree.

Petitioner pled guilty to Attempted Robbery and was found guilty by a jury on the Attempted Assault and convicted. The trial court sentenced petition to concurrent prison terms of 50 months and three months. (Respondent's Exhibit 101). The trial court further ordered the preceding sentences be served consecutively to time being served by petition in the State of Washington. The judgment was entered into the case register on April 5, 1995. (Respondent's Exhibit 103).

Petitioner did not directly appeal his convictions or sentence to the Oregon Court of Appeals. Petitioner did not file a petition for post-conviction relief.

Petitioner was returned to the custody of Washington State. (Petitioner's Exhibits 201 at 3 and 202 at 4-6). On March 23, 2001, he was returned to the custody of the State of Oregon. (Respondent's Exhibit 102; Petitioner's Exhibits 201 at 3, 5).

Prior to June 8, 2001, petitioner filed a petitioner for a writ of habeas corpus under Oregon State law in the Circuit Court of Marion County challenging his Oregon sentences. On June 8, 2001, the court entered a judgment dismissing this petition. (Petitioner's Exhibit 204). On July 5, 2001, petitioner filed a petition for writ of review with the Oregon Supreme Court, but the court denied review on August 14, 2001. (Petitioner's Exhibits 205-206).

On May 13, 2003, petitioner filed an Amended Petition for Writ of Habeas Corpus in the Circuit Court of Marion County. The court dismissed the petition on June 16, 2003. (Petitioner's Exhibits 208, 210).

This petition was signed on September 16, 2003 and filed on October 15, 2003. (Docket #2).

## DISCUSSION

Respondent argues that petitioner did not file his habeas corpus petition within the time allowed by 28 U.S.C. §2244, and the petition should be dismissed.

Petitioner argues that his federal petition should be deemed timely filed. First, he contends he entitled to equitable tolling during his incarceration in the State of Washington, because the denial of access to the necessary materials to challenge his Oregon convictions constitutes a state imposed impediment to filing, and limitations period should not start to run until he was returned to Oregon in March of 2001. Second, petitioner argues he is entitled to statutory tolling, under section 2244(d)(2), from June 8, 2001, the date he filed his first state habeas petition, until the entry of state judgment on the last state petition on June 8, 2003. Third, petitioner argues he is entitled to equitable tolling for the entire period of time because: he diligently pursued his claims; the state had adequate notice that he

3 - FINDINGS AND RECOMMENDATION

wished to challenge his conviction and sentence; and the state has not demonstrated prejudice by the passage of time. Finally, petitioner argues that granting equitable tolling would be consistent with the general remedial nature of section 2254.

In reply, respondent argues that:
Petitioner is not entitled to equitable tolling for the period he was incarcerated in Washington because: 1) federal materials outlining the AEDPA's limitations period was available to petitioner while he was incarcerated in Washington as evidenced by the Heimann affidavit; 2) petitioner has not alleged the state interfered with his ability to fill out and mail a federal habeas petition; 3) petitioner's bald assertion of lack of access to library materials does not qualify him for equitable tolling in light of the affidavit of the Washington State Penitentiary Law Librarian Wanda Heimann which demonstrates petitioner had access to information regarding filing appeals with the Oregon Courts; 4) Oregon law, ORS 138.081, ORS 19.250 ORAP 2.05, does not require any specific forms to file an appeal; 5) petitioner could have requested any desired materials and they would have been ordered by the Washington library staff; 6) petitioner has not met his burden of showing he diligently pursued his federal habeas remedies or that extraordinary circumstances prevented him from filing a timely federal

4 - FINDINGS AND RECOMMENDATION

habeas petition; 7) any erroneous advice petitioner received does not constitute extraordinary circumstances warranting equitable tolling; 8) petitioner's state habeas corpus petitions were not "properly filed" and did not toll the statute of limitations; 9) more than 365 days passed between the denial of petitioner's first state habeas corpus petition and the filing of his second state habeas petition.

This petition was signed on September 16, 2003 and filed on October 15, 2003. Therefore, the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) govern this case.

The AEDPA imposes a one-year statute of limitations on the filing of federal habeas corpus petitions by state prisoners. 28 U.S.C. §2244(d)(1). The one-year statute of limitations begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A-D).

The AEDPA provides that the statute of limitations is tolled during the time that a state prisoner is attempting to exhaust his claims in state court. Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000) (citing 28 U.S.C. §2244(d)(2)). In addition, the "statute of limitations is tolled for all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." Id. at 1006 (citation omitted). However, the "AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Id.

In this case, petitioner's convictions were entered into the register on April 5, 1995. (Respondent's Exhibits 101-102). Petitioner did not directly appeal his convictions, but pursuant to ORS 19.225(1) he had 30 days to do so. Therefore, his convictions became final on May 5, 1995. This was before the effective date of the AEDPA. Therefore, the statute of limitations began to run April 24, 1997, when the AEDPA became effective. See Nino, 183 F.3d at 1006.

Petitioner had one year from April 24, 1997 to file his habeas corpus petition. Petitioner did not file a direct

6 - FINDINGS AND RECOMMENDATION

appeal or a post-conviction proceeding.  Petitioner did not file any Oregon state court proceedings until June of 2001.

The AEDPA's statute of limitations is not tolled "from the time a final decision on direct state appeal and the time the first state collateral challenge is final because there is no case 'pending' during that interval." Nino, 183 F.3d at 1006.  The AEDPA's one year statute of limitations ran before petitioner filed his petition for habeas corpus relief.

Absent equitable tolling, petitioner's federal petition is untimely.  To be entitled to equitable tolling, a petition must demonstrate extraordinary circumstances beyond the petitioner's control that made it impossible to file a timely petition.  Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001), rehearing en banc granted, 278 F.3d 1357 (9th Cir. 2002), rehearing in bac, 295 F.3d 1046 (9th Cir. 2002).

Petitioner argues that he had inadequate access to legal materials and advice while housed in the Washington State Penitentiary, and that he was unaware of the time limitations contained in the AEDPA.

The court finds that the affidavit of Washington State Penitentiary law librarian Heimann demonstrates that the prison library was adequately stocked, and the information regarding the AEDPA limitations period, the process for filing an appeal in Oregon, and the ability to request other materials was available to petitioner in the Washington State

7 - FINDINGS AND RECOMMENDATION

Penitentiary. Therefore, petitioner is not entitled to relief under this argument. See <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001), <u>cert. denied</u>, 535 U.S. 1055 (2002). In addition, any alleged misinformation petitioner received does not justify equitable tolling. See <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066-1067 (9th Cir.), <u>cert. denied</u>, 537 U.S. 1003 (2002).

Petitioner has failed to demonstrate that equitable tolling in warranted in this case. See <u>Patton v. Lampert</u>, 00-1184-AA (D.Or.) Order dated May 14, 2002).

### **RECOMMENDATION**

Based on the foregoing, it is recommended that petitioner's petition (#2) be denied, and this case be dismissed.

***<u>This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals</u>***. **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** ***<u>The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten days within which to file a response to the objections</u>***. **Failure to timely file objections to any factual**

**determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

                DATED this ___16___ day of May, 2005.

                        _____/s/_____
                          John P. Cooney
                    United States Magistrate Judge